```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :   CRIMINAL ACTION
                               :   NO. 11-52
         Plaintiff,            :
                               :
         v.                    :
                               :
JOSEPH J. KUBACKI,             :
                               :
         Defendant.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              August 16, 2011

**I. INTRODUCTION**

Pursuant to Rule 404(b) of the Federal Rules of Evidence, the Government seeks to introduce evidence relating to Defendant's alcohol abuse when at the Ophthalmology Department at Temple University Hospital ("TUH"). The Government intends to use this evidence to establish that Defendant regularly used alcohol during working hours and that this alcohol use resulted in a lack productivity while at work. The Government intends to establish that Defendant's desire to mask his lack of productivity caused by his alcohol abuse was a significant motive for his commission of the crimes listed in the superseding indictment. Additionally, the Government intends to use this evidence to establish that, during the period listed in the indictment, because of Defendant's alcohol abuse Defendant did

not examine the high volume of patients which he reported examining. Finally, the Government states that this evidence is central to illustrating how the Defendant eventually got caught engaging in the fraudulent scheme listed in the indictment. Defendant vehemently opposes the introduction of such evidence pursuant to Rule 404(b). For the reasons stated below, the Court will grant the Government's motion in limine and permit the introduction of evidence of Defendant's alcohol abuse.

## II. DISCUSSION

### A. Legal Standard

Rule 404(b) governs the admissibility of evidence of "other crimes, wrongs, or acts." It provides, in relevant part, that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

The Third Circuit has stated that "Rule 404(b) is a rule of inclusion rather than exclusion." United States v. Daraio, 445 F.3d 253, 263 (3d Cir. 2006) (internal citations omitted). In general, admission of Rule 404(b) evidence is favored "when it is relevant for any other purpose than to show

the defendant's propensity to commit the charged offense." Id. The Third Circuit, however, has cautioned that "[d]espite [its] characterization of Rule 404(b) as a rule of admissibility . . . [it has] expressed [its] concern that, although the proponents of Rule 404(b) evidence 'will hardly admit it, the reasons proffered to admit prior act evidence may often be potemkin village, because the motive, we suspect, is often mixed between an urge to show some other consequential fact as well as to impugn the defendant's character.'" United States v. Himelwright, 42 F.3d 777, 781-82 (3d Cir. 1994) (quoting United States v. Jemal, 26 F.3d 1267, 1272 (3d Cir. 1994)).

The Supreme Court has created a four-step test for determining the admissibility of Rule 404(b) evidence:

> (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted.

United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992) (citing Huddleston v. United States, 485 U.S. 681, 691–92 (1988)).

### 1. Proper Purpose

First, the proponent of the evidence must establish that the evidence is being offered for a proper purpose. If the

3

proffered "evidence only goes to show character, or that the defendant had a propensity to commit the crime, it must be excluded. Where, however, the evidence also tends to prove some fact besides character, admissibility depends upon whether its probative value outweighs its prejudicial effect." United States v. Lee, 612 F.3d 170, 186 (3d Cir. 2010) (internal citations omitted). If the Government offers evidence of other wrongful acts, the Government must do more than state that it is being offered for one of the proper purposes listed in Rule 404(b). Becker v. ARCO Chemical Co., 207 F.3d 176, 191 (3d Cir. 2000) ("[A] proponent's incantation of the proper uses of [Rule 404(b) evidence] . . . does not magically transform inadmissible evidence into admissible evidence." (internal citations omitted)). The Government "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed . . . [such an act] before, he therefore is more likely to have committed this one." Id. (internal citations omitted).

      Here, the Government states that evidence of Defendant's alcohol abuse while at work is being offered for three proper purposes. First, the Government intends to use this evidence to establish Defendant's motive for engaging in the fraudulent scheme listed in the indictment. Second, the Government intends to use this evidence as direct evidence of

4

Defendant's lack of productivity, namely that Defendant did not examine the number of patients his records indicate that he examined during the time covered by the indictment.  Third, the Government intends to use this evidence to provide helpful background information that will complete this story and answer how and why Defendant was eventually caught engaging in the crimes alleged.

As to the first and second purposes, the Government's chain of inferences is that Defendant frequently abused alcohol while at work.  This bad act resulted in Defendant being unproductive and unavailable to see patients.  This led to a decline in the number of patients Defendant was able to examine on a regular basis.  This motivated Defendant to commit health care fraud to hide his lack of productivity.  The Government states that this evidence goes directly to Defendant's motive.  As to the third purpose, the Government states that it will provide testimony from an attending physician who will testify that she was concerned about Defendant's alcohol use and this prompted her to report Defendant's behavior to the Dean of Temple University School of Medicine ("TUSM").  As a result of this report, TUSM began an internal investigation of Defendant and discovered Defendant's fraudulent billing practices thus resulting in Defendant's resignation from TUSM and TUH.

The purposes proffered by the Government are proper.

See United States v. Sriyuth, 98 F.3d 739, 747 n.12 (3d Cir. 1996) (holding that motive is a proper purpose and declining to determine whether statute at bar required proof of motive or purpose "[b]ecause motive is always relevant in a criminal case"); United States v. Green, 617 F.3d 233, 249 ("[O]ne proper purpose under Rule 404(b) is supplying helpful background information to the finder of fact."). In this case, the Government has clearly articulated a chain of logical inferences and no link of this chain leads to the conclusion that because Defendant abused alcohol he was more likely or had the propensity to commit health care fraud. The Government has fulfilled its burden of providing a chain of logical inferences that is probative of a material issue other than Defendant's character or a trait of character.[1]

2. <u>Relevancy</u>

The evidence of Defendant's alcohol abuse is only

---

[1] Defendant argues that this chain of inferences is not "logical" because it requires unsubstantiated inferences. Defendant, however, overlooks that the district court is not required to make a "preliminary finding . . . that the Government has proved the act by a preponderance of the evidence." Huddleston, 485 U.S. at 689. "This is not to say, however, that the Government may parade past the jury a litany of potentially prejudicial [bad] acts that have been established or connected to the defendant only by unsubstantiated innuendo." Id. The Government must still establish the relevancy of the evidence and that the evidence's probative value is not substantially outweighed by its prejudicial effect.

relevant to issues of consequence in this case if the Government can fulfill the condition precedent of establishing that Defendant's alcohol abuse caused him to see a lower volume of patients than his charts indicate. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Here, the Government argues that Defendant's alcohol abuse makes it more probable that Defendant committed health care fraud. However, Defendant's alcohol abuse is only relevant to Defendant's commission of the crimes in question if the Government can establish that this alcohol abuse caused Defendant to see a lower volume of patients. Rule 104(b) of the Federal Rules of Evidence provides that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." Fed. R. Evid. 104(b). In Huddleston, the Court explained this rule in greater detail.

> In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably

>           find the conditional fact [here, that
>           Defendant's alcohol abuse caused him to see a
>           low volume of patients] by a preponderance of
>           the evidence.

Huddleston, 485 U.S. at 690.

Consequently, for this evidence to be relevant, the Government must establish that, as a result of Defendant's alcohol abuse, Defendant did not see as many patients as his charts reflect.  The Government intends to prove the impact of Defendant's alcohol use via residents and other physicians who worked with Defendant.  These witnesses will testify to the fact that Defendant drank frequently while at TUH and, when he drank, he did not attend to patients because he was in the conference room or his office.  Also, the resident physicians will testify that, at times, when they saw Defendant at TUH they perceived him as being impaired and because of this did not seek out his assistance with patients.  Rather, these resident physicians turned to other physicians for help thus increasing the volume of patients other physicians saw.  Based upon this testimony, the jury could reasonably find that Defendant was seeing a low volume of patients due to his alcohol use.  Because the Government has proffered evidence that, if accepted by the jury, would establish that Defendant's alcohol abuse caused a decline in the amount of patients he saw, this evidence will be deemed relevant.[2]

---

[2]     Defendant argues that in order to establish that his alcohol abuse caused him to see less patients, the Government

3. <u>Probative Value Versus Prejudice</u>

The admissibility of evidence of Defendant's alcohol abuse while at TUH turns on whether its probative value is substantially outweighed by the danger of unfair prejudice. Rule 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. "In making this determination, the trial judge must appraise the genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper

---

would have to provide expert testimony to establish that the amount of alcohol Defendant drank rendered him incapable of examining patients. Expert testimony, however, is unnecessary because the Government is not arguing that Defendant's drinking made him incapable of examining patients. Rather, the Government is arguing that Defendant's drinking made him unavailable. The Government is providing witnesses to testify as to their perceptions of Defendant while at work—they saw Defendant drinking at work, they smelled alcohol on Defendant, and they perceived him as being in an impaired state. Residents will be testifying that they did not ask Defendant for help with patients because they perceived Defendant as impaired. Also, these witnesses will testify that when Defendant drank he could often be found in his office or a conference room and not with patients. None of these purposes require expert testimony. <u>See</u> Fed. R. Evid. 702 ("If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule.").

9

grounds."  United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir. 1988).

The Court must keep in mind that "Rule 403 is a balancing test, and '[l]ike any balancing test, the Rule 403 standard is inexact, requiring sensitivity on the part of the trial court to the subtleties of the particular situation.'" United States v. Vosburgh, 602 F.3d 512, 537 (3d Cir. 2010) (quoting United States v. Guerrero, 803 F.2d 783, 785 (3d Cir. 1986)).  When weighing the evidence, the court should consider "the actual need for [the] evidence in view of the contested issues and the other evidence available to the prosecution, and the strength of the evidence in proving the issue, against the danger that the jury will be inflamed by the evidence."  Sriyuth, 98 F.3d at 748 (internal citations omitted).   Evidence should be deemed unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise may cause a jury to base its decision on something other than the established propositions in the case." Guerrero, 803 F.2d at 785 (internal quotation marks and citation omitted).

As discussed above, evidence of Defendant's alcohol abuse is probative of Defendant's motive to falsify patient charts to mask his low productivity that resulted from his alcohol abuse.  Second, the evidence is direct evidence that

10

Defendant did not actually examine the high number of patients he alleged that he examined during the dates listed in the indictment and was, in fact, falsifying charts to make it appear that he was examining a high volume of patients.  Third, this evidence provides helpful background information by answering how and why Defendant was eventually caught engaging in the fraudulent activity at bar.

Against this backdrop, the Court must determine whether the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  First, the Court takes into consideration the fact that the Government has shown a genuine need for this evidence.  Given that the fruits of Defendant's fraud did not directly end up in his own pocket, the Government must provide a reason other than financial gain to establish "why" Defendant committed the crimes charged.  Defendant's alcohol abuse appears to be directly related to answering this question.  The Government has indicated that it intends to answer the "why" in this case by establishing that Defendant saw a low volume of patients and Defendant engaged in the crimes charged in order to mask his low productivity.  Through the testimony of six government witnesses, the Government intends to prove that Defendant's alcohol abuse rendered him unavailable while he was at work and that this directly caused the decline in the number

of patients Defendant examined.  The Government has indicated that it must rely on the testimony of these witnesses to establish Defendant's low productivity throughout the time alleged in the indictment and to establish that Defendant did not actually see as many patients as he alleged to have seen.  The Government cannot refer to billing records and patients' charts to establish Defendant's low productivity because these records are the very thing in dispute and alleged to be fraudulent.  Consequently, the Government has expressed a genuine need for this evidence.

Second, the Court examines Defendant's theory of prejudice.  Defendant argues that this evidence is unfairly prejudicial because it portrays him as an individual who drank at work and may have unfairly put patients at risk.  Defendant, however, overlooks that the Government's theory is just the opposite.  The Government does not intend to elicit any evidence that will lead to the inference that when Defendant drank he put patients at risk.  Rather, the Government intends to argue that when Defendant drank he did not see patients.  The Court recognizes that this evidence is sensitive; however, the fact that the Government will not be arguing that Defendant saw patients while engaging in alcohol abuse mitigates the Court's concerns.  See Vosburgh, 602 F.3d 537-38 (holding that in a case for possession of child pornography the admission of pictures of

child erotica found in defendant's possession was proper to establish defendant's intent and did not amount to unfair prejudice despite defendant's argument that the pictures inflamed the jury against defendant because of his bad taste).[3]

Based on the aforementioned and because, unlike cases where the use of alcohol is collateral to the main issue,[4] the Government has shown a genuine need for the evidence in this case, the Court finds that the risk of unfair prejudice does not substantially outweigh the probative value of the evidence and/or the Government's genuine need for this evidence.

---

[3] Defendant also argues that admission of this evidence will mislead the jury because the specific instances of fraud listed in the indictment indicate that Defendant was not in the hospital on the days these specific instances of fraud occurred. Defendant argues that introduction of evidence of Defendant's alcohol abuse to establish a reduction in the number of patients he saw is belied by the description of the counts in the indictment because the counts indicate that this low productivity was a result of Defendant not being at TUH on various days. Defendant, however, overlooks the fact that the Government intends to prove that Defendant engaged in a fraudulent scheme that occurred over a long period of time—from on or about July 1, 2002 or earlier to in or about October 2007. The Government intends to establish that throughout this time Defendant's alcohol abuse led to him seeing far fewer patients than he reported thus explaining why an otherwise skilled physician might feel the need to make it appear that he was seeing patients at TUH on days when he was not even at the main campus.

[4] See Utz v Johnson, No. 04-0437, 2004 WL 2850077 (E.D. Pa. Dec. 9, 2004) (holding that introduction of evidence of alcohol use was not permissible under Rule 403 because it was not relevant to the issue of provocation because the provocateur admitted that the conduct in question was caused by his yelling of profanities and there was no evidence that the parties were drunk).

4.  <u>Use of a Limiting Instruction</u>

Finally, the Court recognizes that to properly admit this evidence under Rule 404(b) it "must inform the jurors of the limited use they may make of such evidence, and also instruct them not to draw any inference of bad character from it." <u>United States v. Morley</u>, 199 F.3d 129, 133 (3d Cir. 1999) (citing <u>Huddleston</u>, 485 U.S. at 691-92).  Here, the Court will provide a cautionary limiting instruction in the form and at times to be determined after consulting with counsel.

**III. CONCLUSION**

Based on the aforementioned, the Court finds that evidence of Defendant's alcohol use while at the Ophthalmology Department at TUH is admissible under Rule 404(b) of the Federal Rules of Evidence and the Government's motion in limine will be granted.  An appropriate order will follow.